IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>JENO MICHAEL PAULUCCI,<br><br>           Defendant. | 4:22-CR-3100<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 121) to the presentence report.

      IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

  (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f)  in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report in three respects: (1) drug purity and the base offense level, (2) the need for a condition requiring participation in a domestic violence prevention program, and (3) whether he should pay a fine. *See* filing 121.

First, the defendant objects to the base offense level of 30, based on a finding of at least 50 G but less than 150 G of actual methamphetamine. *See* U.S.S.G. § 2D1.1(c)(5). The defendant notes that what he actually pled guilty to was possessing a methamphetamine *mixture* with intent to distribute it. Filing 121 at 1; *see* filing 85 at 1. And the base offense level for at least 50 G but less than 200 G of methamphetamine *mixture* is 24. § 2D1.1(c)(8).

The problem with that objection is that the defendant admitted, in his plea agreement and at his change of plea hearing, that he possessed 63 G of *actual* methamphetamine with intent to distribute it. Filing 91 at 2; filing 96 at 18-20. Nor does the defendant's objection dispute that finding—and the probation officer's obligation in completing the

presentence report is to calculate the guidelines range as the guidelines are written. *United States v. Havel,* No. 4:21-CR-3075, 2023 WL 1930686, at \*2 (D. Neb. Feb. 10, 2023). So, because it appears to the Court that the guidelines were correctly applied in this case, the Court's tentative conclusion is that the defendant's objection is without merit. The Court will, however, consider at sentencing whether a variance is appropriate pursuant to *Havel,* 2023 WL 1930686, at \*6.

Second, the defendant objects to the probation officer's recommendation that the defendant be required to participate in an approved domestic violence prevention program. Filing 121 at 1. The defendant denies that he has been convicted of any domestic violence charges, and notes that the charges in this case are non-violent. Filing 121 at 1.

The defendant's criminal history may not include a conviction for domestic violence, but does include a conviction for a reduced charge that was originally brought as domestic battery, as well as a number of other charges that were dismissed. (A pattern that is, unfortunately, not uncommon for domestic violence, for reasons that often have little to do with the merits of the charge.) The Court will determine at sentencing whether such a condition is appropriate, considering the factors set forth in 18 U.S.C. § 3583(c).

Finally, the defendant contests the presentence report's conclusion (based, to be fair, on the defendant's own statements) that he has access to trust fund assets that would enable him to pay a fine. Filing 121 at 1-2. The Court will determine at sentencing whether a fine is appropriate, considering the § 3553 factors and the additional factors set forth in 18 U.S.C. § 3572(a).

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 8th day of August, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge