IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3100 |
| vs. | ORDER |
| JENO MICHAEL PAULUCCI, | |
| Defendant. | |

The defendant has moved pursuant to Fed. R. Crim. P. 41(g) for the return of property allegedly taken from him following his August 3, 2022 arrest. Filing 138. The Court directed the government to respond, and the government opposes the motion, claiming that the defendant's allegations are insufficient to establish that the property was seized. Filing 144. But the Court finds that the government's response is insufficient, and will direct a supplemental response.

The defendant's allegations are admittedly sparse: He simply asserts that a traffic stop was conducted, his vehicle was searched, and that his "[j]ewelry and personal belongings . . . have not been returned following the arrest." Filing 138 at 1. The government responded with evidence suggesting that the specific property the defendant wants returned—earrings, a pendant, and a wallet, *see* filing 138 at 1—weren't actually seized from him at the time of his roadside arrest. *See* filing 144. The government says that the defendant "has not met his burden of establishing that the Government had his property. In particular, [the defendant] has not established the Nebraska State Patrol took custody of or otherwise seized the items in question." Filing 144 at 2.

Respectfully, the second sentence doesn't support the first. The Court's takeaway from the government's evidence is that the defendant's personal effects weren't taken from him on I-80, but instead were likely taken from him when he was booked into jail. But the government hasn't explained why that distinction makes a difference.[1]

The defendant says his property was taken from him following his arrest. And that allegation is consistent with ordinary procedure—a defendant wouldn't usually be allowed to retain diamond earrings, a diamond pendant, and a wallet in county lockup. What the Court needs to know is what happened to the property after that. And those records are government records.

Accordingly, the Court will direct the government to supplement its response to the defendant's motion on or before October 3, 2025, specifically advising whether the property the defendant seeks to have returned was taken from him by state officials after his arrest, and if so, what became of the property after that.

IT IS ORDERED:

1.  The government shall file a supplemental response to the defendant's motion for return of property (filing 138) on or before October 3, 2025.

---

[1] True, the introductory paragraph of the defendant's motion does pray "for the return of property seized from Defendant during the August 3, 2022 traffic stop occurring in Dawson County, Nebraska." Filing 138 at 1. That could be read to include only property seized by the side of the road, and the government's response seems to hinge on that technicality. But the Court isn't persuaded to limit the defendant's motion to that cramped interpretation.

- 2 -

2. The defendant may reply in support of his motion on or before October 17, 2025.

Dated this 3rd day of September, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge

- 3 -