IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3100 |
| vs. | ORDER |
| JENO MICHAEL PAULUCCI, | |
| Defendant. | |

The defendant has moved pursuant to Fed. R. Crim. P. 41(g) for the return of property allegedly taken from him following his August 3, 2022 arrest by the Nebraska State Patrol during a traffic stop. Filing 138. The Court will deny the motion.

The missing property at issue was described by the defendant as a pair of Tiffany diamond earrings, a David Yurman diamond/silver cross pendant and necklace, and a patterned Louis Vuitton wallet. Filing 138 at 1. Camera footage from the arrest suggests that the defendant was wearing the items. Filing 145. That property was apparently left with the defendant when he was transported to jail. *See id*. The State Patrol's evidence log doesn't seem to list the items in question, but other jewelry found in the vehicle was seized by the State Patrol and logged into evidence. *See* filing 145-1; filing 145-2. Property records from the Dawson County Jail, where the defendant was taken after his arrest, list only items of clothing. Filing 149-1 at 1-2.

On the day the defendant was arrested, he was charged in state court with firearms and controlled substance offenses. Filing 130 at 16. Federal drug charges were filed a couple of weeks later, *see* filing 1, and state officials declined prosecution of the defendant in state court a couple of weeks after

that, *see* filing 130 at 16. A year later—on August 15, 2023—the defendant was sentenced by this Court to 78 months' imprisonment. Filing 128; filing 132.

Before the defendant was sentenced in Lincoln, he was released from Dawson County, and his clothing was returned. Filing 149-1 at 1. A month later, the defendant emailed the Nebraska State Patrol regarding the property it had seized. He authorized the State Patrol to release his property to a friend, who picked it up on October 18, 2023. Filing 149-3 at 1-4. The list of personal property returned by the State Patrol included a number of items that hadn't been on the evidence log associated with the defendant's initial state court charges. *Compare* filing 149-3 at 5-8, *with* filing 145-1 *and* filing 145-2. Most pertinently, the property included unspecified "clothing," "3 earrings," and a "diamond necklace." Filing 149-3 at 5-8.

The defendant's motion simply alleges that his property hasn't been returned to him since his arrest. Filing 138 at 1. Under Rule 41(g), a person aggrieved by deprivation of property may move for its return in the district where the property was seized. And when a criminal proceeding is completed, the Government has a duty to return property in its custody to the rightful owner, unless it is subject to forfeiture. *United States v. Fonseca*, 790 F.3d 852, 855 (8th Cir. 2015). But to succeed on his motion, the defendant must show that he is entitled to lawfully possess the seized property at issue, and that the Government has or had the property. *United States v. Howard*, 973 F.3d 892, 894 (8th Cir. 2020). The Court should afford the movant an opportunity to meet this burden, which may include, but does not require, an evidentiary hearing. *Jackson v. United States*, 526 F.3d 394, 396–97 (8th Cir. 2008).

The record here is at best inconclusive about who had the disputed property and what happened to it. It seems likely that the property was held by the State Patrol and then released to the defendant's friend on October 18,

2023—although it's not absolutely clear, a fair reading of the State Patrol's inventory lists suggests that the jewelry and personal effects released included both the jewelry that was seized from the defendant's vehicle and other items loosely matching the description of the personal effects he was wearing.

But one thing is clear: There's no evidence that the *federal* government ever possessed the property. There's nothing showing actual possession, and constructive possession requires that the United States "either (1) consider the property as evidence in a federal prosecution or (2) direct state officials to seize the property as agents of federal authorities," which there's no evidence of either. *See Howard*, 973 F.3d at 894-95. Somebody—perhaps Dawson County, but probably the State Patrol—seized the defendant's property incident to his arrest for reasons unrelated to any subsequent federal prosecution. And it's obvious that the United States can't return property it doesn't have. *United States v. White*, 718 F.2d 260, 261 (8th Cir. 1983). Nor is there any evidence that the United States was involved in the disposition of the property or benefitted from it. *See United States v. Ruelas-Lugo*, No. 4:14-CR-3104, 2018 WL 6730924, at *3 (D. Neb. Nov. 5, 2018), *report and recommendation adopted*, 2018 WL 6727529 (D. Neb. Dec. 21, 2018).[1]

The Court greatly appreciates the U.S. Attorney's willingness to brief these issues and create the record before the Court in this matter. But the U.S.

---

[1] It appears to this Court that if the defendant's property is truly missing, his remedy, if any, lies in the state court where he says charges against him were originally filed. *See* filing 130 at 16. Under Nebraska law, the court in which a criminal charge was filed has exclusive jurisdiction to determine the rights to seized property, and the property's disposition. *State v. McGuire*, 301 Neb. 895, 903 (2018) (citing Neb. Rev. Stat. § 29-820). And, the Court notes, in Nebraska, the government's disposition or destruction of property would not moot a motion for return of the property. *State v. Agee*, 741 N.W.2d 161, 168 (Neb. 2007).

Attorney's assistance to the Court doesn't make the United States responsible for property it never possessed. Accordingly,

> IT IS ORDERED that the defendant's Rule 41(g) motion (filing 138) is denied.

Dated this 3rd day of December, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge